SIGNED THIS: August 14, 2012

_____
**Gerald D. Fines
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOE STOCKWILL, | ) Bankruptcy Case No. 11-92270 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on Trustee's Report not Recommending Confirmation of the Chapter 13 Plan; the Court, having heard arguments of counsel and reviewed the written memoranda of law filed by the parties, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are in pertinent part as follows:

1.  On December 30, 2011, Debtor filed for relief under Chapter 13 of the Bankruptcy Code, filing his Statement of Current Monthly and Disposable Income, his schedules, and a Chapter 13 Plan.

2. The Debtor's Statement of Current Monthly and Disposable Income indicated that the Debtor was an above-median debtor as described under 11 U.S.C. § 1325(b).

3. Line 17 of the Debtor's B22C form indicated that the applicable commitment period of his plan was five years, and, on Line 59, it indicated that the Debtor's monthly disposable income was a negative $113.65.

4. Schedules I and J indicate that the Debtor's projected monthly expenses exceed his projected monthly income in the amount of $85.29.

5. The Debtor's Chapter 13 Plan provided for 36 monthly payments in the amount of $150, even though the Debtor's schedules and Form B22C indicated that at this time he has a negative monthly disposable income.

6. A hearing was held on the Debtor's Chapter 13 Plan and the Trustee's Report not Recommending Confirmation of the Chapter 13 Plan on April 24, 2012, at which time the Trustee indicated that it was her position that the Debtor was required to commit to a five year plan and that the Debtor's plan should include an increase in plan payments after he completed payments to Creditor, US Bank, on his 2007 Chevrolet Cobalt vehicle.

7. The parties do not dispute the Debtor's current monthly and disposable income nor do they dispute the information listed on Debtor's Schedules I and J. The parties were given a period of 30 days to file briefs regarding the applicable commitment period of the Debtor's Chapter 13 Plan. Those briefs have been filed and the matter is now ripe for decision by this Court.

Conclusions of Law

The issue as to the applicable commitment period required of the Debtor in this case was previously addressed by the Court in the case of In re Andres, Bankr. Case No. 10-92563, in which this Court followed Judge Gorman's decision in In re Burrell, Bankr. Case No. 08-71716, 2009 Bankr. Lexis 1570 (Bankr. C.D. Ill. June 29, 2009). The Chapter 13 Trustee requests that this issue be revisited in light of Judge Perkins' decision in In re Martin, Case No. 11-82075

(Bankr. C.D. Ill. 2012), in which Judge Perkins followed the Sixth Circuit Court of Appeals ruling in Baud v. Carroll, 634 F.3d 327 (6th Cir. 2011). In Martin, Judge Perkins held that "applicable commitment period" as found in 11 U.S.C. § 1325, defines the temporal duration that a plan must last. Judge Perkins further held that:

> If line 59 is a zero or a negative number, there is no minimum amount that must be paid to general unsecured creditors as a condition of confirmation, so a 0% plan may be permissible, but the 5-year duration requirement for above median debtors is not affected. Martin, at page 10.

Judge Perkins further held that:

> Debtors who wish to pay their creditors as little as possible or who wish to avoid working for the benefit of their creditors for a plan period of three to five years should not choose chapter 13 and instead seek relief under chapter 7. Martin, at 13.

The position taken by Judge Perkins in In re Martin, supra, has been adopted by a majority of Courts. The ruling in Baud v. Carroll, supra, was most recently cited with approval in In re Modiri, _____ B.R. _____, 2012 WL 2552198 (E.D. Mich. 2012), where Judge Stephen W. Rhodes ruled, on July 2, 2012, that an above-median income debtor was required to propose a 60 month plan.

    Given the clear trend of most Courts to require a 60 month Chapter 13 plan for above-median income debtors, this Court now concludes that it should require the same commitment of debtors from this point forward. Based upon this conclusion, confirmation of Debtor's proposed 36 month plan is denied.

###